File Name: 06a0118n.06
Filed: February 14, 2006

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| STATE OF OHIO, *ex rel.* Attorney General Jim Petro, | ) | |
| | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE SOUTHERN |
| BULGARTABAC HOLDING GROUP, | ) | DISTRICT OF OHIO |
| | ) | |
| Defendant-Appellant. | ) | |

Before:     **NELSON**, **DAUGHTREY**, and **ROGERS**, Circuit Judges.


**DAVID A. NELSON**, Circuit Judge.  This appeal is from an order remanding an action to the Ohio court from which it had been removed.  The threshold issue is whether appellate jurisdiction exists.  We are satisfied that the action was remanded because of a defect in removal, see 28 U.S.C. § 1447(c), and that appellate review of the remand order is therefore barred by 28 U.S.C. § 1447(d).  Accordingly, the appeal will be dismissed for lack of jurisdiction.

I

Bulgartabac Holding Group is a Bulgarian holding company that controls a number of tobacco processing and cigarette manufacturing concerns in its home country.  At all times

relevant to this appeal, the Bulgarian government owned a majority of the shares of Bulgartabac.

In December of 2002, the State of Ohio sued Bulgartabac in the Franklin County Court of Common Pleas for violations of Ohio Revised Code § 1346.02. Section 1346.02 requires tobacco product manufacturers that sell cigarettes in Ohio, but that are not parties to a "Master Settlement Agreement" between the state and certain members of the tobacco industry, to fund escrow accounts for payment of future claims against such manufacturers. Bulgartabac was served with the complaint on April 10, 2003. The state filed an amended complaint, as well as requests for discovery, in June of 2003.

The next month, Bulgartabac moved to dismiss the action under Ohio Civil Rule 12(B). The company asserted 10 grounds for dismissal, the first of which was sovereign immunity. In this connection, Bulgartabac stated that 92.84 percent of its shares were owned by the Republic of Bulgaria and that the company was therefore "an instrumentality of the Bulgarian Government . . . entitled to the same sovereign immunity as the Republic of Bulgaria."

While the motion to dismiss was pending, Ohio moved to compel discovery. Bulgartabac opposed the state's motion and requested an additional 45 days in which to respond to the outstanding discovery requests. Because of the delay in completing discovery, the parties filed an agreed motion for an amended case schedule.

In an order filed on October 14, 2003, the Franklin County court denied Bulgartabac's motion to dismiss. The court also denied Ohio's motion to compel and gave Bulgartabac until October 31, 2003, to respond to the state's discovery requests.

Bulgartabac did not serve the state with discovery responses on October 31, 2003. Instead, it removed the state's action to the United States District Court for the Southern District of Ohio. The basis for removal was Bulgartabac's status as a foreign sovereign.[1] In federal court, Bulgartabac again moved to dismiss the action, re-asserting most of the grounds for dismissal that had been rejected by the Franklin County court.

Ohio moved to remand the action to state court. The state advanced two arguments: (1) that Bulgartabac's removal of the action was untimely, and (2) that Bulgartabac had waived its right of removal. In opposition to the motion to remand, Bulgartabac contended that it had properly delayed removal while its Ohio attorneys awaited confirmation that the company was in fact owned by the Bulgarian government. Bulgartabac argued further that it had not waived its removal right by taking defensive actions in state court.

A magistrate judge recommended that the motion to remand be granted, and the district court adopted that recommendation over Bulgartabac's objections. Bulgartabac filed a timely appeal from the remand order.

II

---

[1]Under 28 U.S.C. § 1441(d), "[a]ny civil action brought in a State court against a foreign state . . . may be removed by the foreign state to the district court of the United States for the district and division embracing the place where such action is pending."

As a threshold matter, we must determine whether appellate jurisdiction exists in this case. Under 28 U.S.C. § 1447(d), "[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal . . . ."[2] Although this language is broad, the Supreme Court has interpreted § 1447(d) as barring review only of "remand orders issued under § 1447(c) and invoking the grounds specified therein." *Thermtron Products, Inc. v. Hermansdorfer*, 423 U.S. 336, 345-46 (1976). The grounds for remand specified in 28 U.S.C. § 1447(c) are lack of subject-matter jurisdiction and "any defect other than lack of subject matter jurisdiction."

Lack of subject-matter jurisdiction was not the basis for the remand order at issue here. As we read the order, the district court remanded the case on two alternative grounds that correspond to the two arguments advanced by the state. First, the court said that Bulgartabac should not be able to remove the case after unsuccessfully seeking dismissal. We interpret this as a holding that Bulgartabac waived its right of removal. Second, the court found that Bulgartabac knew the case was removable before it filed its motion to dismiss. We interpret this as a holding that Bulgartac lacked cause for the delay in removal — *i.e.*, that the removal was untimely.[3]

---

[2]Section 1447(d) provides further that "an order remanding a case to the State court from which it was removed pursuant to section 1443 of this title shall be reviewable by appeal . . . ." The case at bar was not removed pursuant to 28 U.S.C. § 1443.

[3]A notice of removal must ordinarily be filed within 30 days after the defendant receives the initial pleading or "other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b). Where the defendant

Bulgartabac does not deny that untimeliness was one basis for the district court's decision to remand the case. Indeed, Bulgartabac acknowledged in its objections to the magistrate judge's report and recommendation that the magistrate implicitly accepted the state's untimeliness argument. The remand order, in which the district court overruled Bulgartabac's objections and adopted the magistrate's recommendation, reflects the same implicit acceptance.

There is some question as to whether waiver is a defect in removal of the sort contemplated by § 1447(c). Compare *Snapper, Inc. v. Redan*, 171 F.3d 1249, 1252-60 (11th Cir. 1999) (concluding that "defect," in this context, means only a failure to comply with removal procedures), with *Yusefzadeh v. Nelson, Mullins, Riley & Scarborough, LLP*, 365 F.3d 1244, 1246 (11th Cir. 2004) (assuming that waiver is a § 1447(c) defect). We need not answer the question here, however, because untimeliness — an independent and adequate basis for the remand order — is plainly a defect within the meaning of the statute. See *Things Remembered, Inc. v. Petrarca*, 516 U.S. 124, 128 (1995); *Schexnayder v. Entergy Louisiana, Inc.*, 394 F.3d 280, 283 (5th Cir. 2004); *Phoenix Container, L.P. v. Sokoloff*, 235 F.3d 352, 354 (7th Cir. 2000). The remand order having been based on at least one defect in removal, appellate review is barred by § 1447(d).

Accordingly, the appeal is **DISMISSED** for lack of jurisdiction.

---

is a foreign state, however, the time for removal "may be enlarged at any time for cause shown." *Id.* § 1441(d).