Claudia ETHINGTON and Harold Ethington, Plaintiffs,

v.

GENERAL ELECTRIC COMPANY, GE Healthcare Inc., and GE Healthcare Bio–Sciences Corp., Defendants.

MDL Individual Case No. 1:08–GD–50209.

D.N.J. Case No. 07–5985 (MLC).

United States District Court, N.D. Ohio, Eastern Division.

Aug. 13, 2008.

E. Ashley Cranford, Lead Attorney, Whatley Drake, Whatley Drake, AL; Mitchell M. Breit, Lead Attorney, Whatley Drake & Kallas, New York City, R. Jackson Drake, Lead Attorney, Whatley Drake & Kallas, Birmingham, Birmingham, AL, for Claudia Ethington, Harold Ethington, Plaintiffs.

Christopher M. Strongosky, Heidi L. Levine, Lead Attorneys, DLA Piper US, New York City, Robert A. Assuncao, Lead Attorney, Morison, Ansa, Holden, Assuncoa & Prough, East Brunswick, NJ, J. Philip Calabrese, Squire, Sanders & Dempsey, Cleveland, OH, for General Electric Company, Defendant.

Christopher M. Strongosky, Lead Attorney, DLA Piper US, New York City, Robert A. Assuncao, Lead Attorney, Morison, Ansa, Holden, Assuncoa & Prough, East Brunswick, NJ, J. Philip Calabrese, Squire, Sanders & Dempsey, Cleveland, OH, for GE Healthcare, Inc., GE Healthcare Bio-Sciences Corp., Defendants.

## MEMORANDUM OF OPINION AND ORDER ON PLAINTIFFS' MOTION TO REMAND

DAN AARON POLSTER, District Judge.

Pending before the Court is the Motion to Remand (the "Motion") filed by Plaintiffs Claudia and Harold Ethington on January 15, 2008. (**ECF No. 6.**) For the following reasons, Plaintiffs' Motion is **GRANTED.**

### I. BACKGROUND

The above-captioned case is one of myriad cases pending before the Court as a result of transfer pursuant to the multidistrict litigation entitled *In re: Gadolinium–Based Contrast Agents Products Liability Litigation,* Case No. 1:08–GD–50000. The plaintiffs in these MDL cases are generally individuals (or estates of deceased individuals) who developed a disease known as Nephrogenic Systemic Fibrosis ("NSF") following the administration of products manufactured and/or sold by one or more of the named defen-

dants in these cases. After Claudia Ethington developed NSF following the administration of "Omniscan"™ (gadodiamide) in connection with magnetic resonance imaging she underwent on January 12, 2006, the Ethingtons filed their Complaint in the Superior Court of New Jersey, Mercer County (Law Division) alleging several claims under New Jersey state law including, among others, strict products liability, negligence, and breach of warranty. The Ethingtons filed their Complaint in the New Jersey state court on Friday, December 14, 2007, and provided a courtesy copy of the Complaint to the Defendants the same day.

The next business day, Monday, December 17, 2007, Defendants General Electric Company, GE Healthcare Inc., and GE Healthcare Bio–Sciences Corp. (collectively "the GE Defendants") collectively removed the case to the United States District Court for the District of New Jersey, citing federal diversity jurisdiction as created in 28 U.S.C. § 1332(a), and the federal removal statutes, 28 U.S.C. §§ 1441(b) and 1446. (ECF No. 1.) Critically, it would have been virtually impossible for the Ethingtons to perfect service of process in less than one business day, due to the unique way New Jersey state courts process newly-filed complaints. New Jersey Rule of Civil Procedure 4:5A–2(a) mandates that a plaintiff filing suit in Superior Court must await issue of a "Track Assignment Notice" (or "TAN") number from the

clerk's office before the plaintiff is permitted to serve process on a defendant. See N.J. R. Civ. P. 4:5A–2 (providing that "[w]thin ten days after the filing of the complaint, the court shall mail notice of track assignment to the plaintiff. The plaintiff shall annex a copy of the notice to process service on each defendant."). (See also, ECF No. 30–3, Pls.' Rep. Mem., Ex. B to Aff. Dec. of Mitchell M. Breit, Decision and Order in *In re Accutane*, No. ATL–L–3156–05–MT (N.J.Sup.Ct. Nov. 30, 2007) (J. Higbee) ("[U]nder R. 4:5A–2, a plaintiff must wait for a TAN to be issued before they are permitted to serve process on a defendant.").)

The Ethingtons filed their timely Motion to remand the case back to New Jersey state court on January 15, 2008, along with the accompanying brief in support. (ECF No. 6.)

After some litigation over the motion to transfer the case to the MDL, a motion to vacate the MDL Panel's Conditional Transfer Order, and a motion to stay the litigation pending the MDL Panel's decision, (see generally ECF Nos. 13–24), the case was transferred to the undersigned pursuant to an MDL Panel Order on June 23, 2008 (ECF No. 28). The GE Defendants filed their brief in opposition to the Motion on July 9, 2008. (ECF No. 29.) The Ethingtons accordingly filed their reply brief on July 23, 2008. (ECF No. 30.) Thus, the Motion is now ripe for the Court's consideration.[1]

1. The Court notes that Judge Mary L. Cooper, of the U.S. District Court for the District of New Jersey, entered an Order on March 26, 2008 in which she stayed litigation in the case before her pending the final outcome of the proceedings before the United States Judicial Panel on Multidistrict Litigation, and denied the Ethington's motion to remand without prejudice, "and with leave to move again when the stay is lifted." (ECF No. 24, Order of March 26, 2008.) The Court does not find any indication on the docket that Judge Cooper vacated her March 26, 2008 Order staying the case after the MDL Panel denied the Ethington's motion to vacate Conditional Transfer Order No. 1 on June 5, 2008, nor that the Ethingtons have renewed their Motion to remand accordingly.

The Court, having jurisdiction over this case now by virtue of the MDL Panel's June 23, 2008 Order, hereby **VACATES** the stay as of the June 23, 2008 transfer. Additionally, the GE Defendants' brief in opposition to the

## II. LAW AND ANALYSIS

### A. Overview

The GE Defendants removed the instant case citing diversity jurisdiction pursuant to 28 U.S.C. § 1332. For purposes of § 1332 diversity jurisdiction, the Ethingtons are citizens of Utah; Defendant General Electric Company is a citizen of New York and Connecticut; and Defendants GE Healthcare Inc. and GE Healthcare Bio–Sciences Corp. are citizens of Delaware and New Jersey. (ECF No. 6–2, Pls.' Mem. in Supp. of Mot. to Rem., 2; ECF No. 29, Defs.' Opp. Br., 3.) The parties do not dispute that complete diversity exists, and that an amount in excess of $75,000 is in dispute. Thus, the only question is whether removal by the GE Defendants was permissible.

■ Title 28, United States Code Section 1441 provides that a defendant may remove a case from state to federal district court if the federal courts have original jurisdiction. Notably, however, a defendant's right to removal is not unlimited. Title 28, United States Code Section 1441(b) provides that cases in which federal jurisdiction is based only on complete diversity "shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." *Id.* This rule is often called the "forum defendant rule." The forum defendant rule generally prohibits defendants from removing a case to federal district court when the concerns that underpin diversity jurisdiction (i.e. prejudice to out-of-state defendants) are not present because the plaintiff chose to file suit in the defendant's own home state courts. *See Lively v. Wild Oats Mkts., Inc.*, 456 F.3d 933, 939–40 (9th Cir.2006) (observing that "the purpose of diversity jurisdiction is to provide a federal forum for out-of-state litigants where they are free from prejudice in favor of a local litigant," but that "the need for such protection is absent ... in cases where the defendant is a citizen of the state in which the case is brought.") (citations omitted). *See also, DeAngelo–Shuayto v. Organon USA, Inc.*, 2007 WL 4365311, at *3, 2007 U.S. Dist. LEXIS 92557, at *7–8 (D.N.J. Dec. 12, 2007) (J. Chesler) (citing S.Rep. No. 1830, 85th Cong., 2d Sess., reprinted in 1958 U.S.Code Cong. & Admin. News 3099, 3102 (explaining the "purpose of diversity of citizenship legislation ... is to provide a separate forum for out-of-state citizens against the prejudices of local courts and local juries by making available to them the benefits and safeguards of the federal courts")).

Here, the GE Defendants removed the above-captioned case from New Jersey state court to federal district court in New Jersey solely on diversity jurisdiction. This, despite the fact that two of the three Defendant entities are New Jersey citizens for diversity purposes,[2] and are therefore so-called "forum defendants," i.e. citizens of the forum in which the state court action was first filed. Accordingly, the ulti-

Motion recounts that the Ethingtons "filed their motion to remand with this Court on June 27, 2008." (ECF No. 29, Defs.' Opp. Br. 3.) Similarly, the Ethingtons have filed a brief in reply to the GE Defendants' arguments on the question of remand. Though the Court is unsure of the basis for the GE Defendants' assertion that the Ethingtons actually renewed their Motion to remand, the Court notes that both sides have proceeded as if the motion were renewed, and the Court hereby finds that the Ethingtons have properly and timely moved to remand the above-captioned case, based on the arguments presented in the January 15, 2008 Motion and accompanying memorandum, and the subsequent briefs.

**2.** Defendants GE Healthcare Inc. and GE Healthcare Bio–Sciences Corporation shall be referred to as "the Forum Defendants" where applicable.

mate question here, further refined, is whether the "properly joined and served" language constitutes a loophole through which the GE Defendants can avoid the prohibition on forum defendants removing a case.

The Ethingtons assert that the GE Defendants cannot meet their burden to prove their right to a federal forum. They argue that the GE Defendants' literal interpretation of § 1441(b) creates an opportunity for gamesmanship by defendants in the form of abuse of the New Jersey state court service rules. The Ethingtons also argue that § 1441(b) should be read to effectuate Congressional intent behind the statute. Finally, they argue that the recent trend among the federal district courts considering these types of removal cases weighs in favor of remanding the case to New Jersey state court.

The GE Defendants, on the other hand, contend that they are entitled to remove the instant case, notwithstanding the forum defendant rule and the presence in this case of the Forum Defendants. The GE Defendants assert that they were not parties "properly joined and served" before they filed their Notice of Removal, and therefore the forum defendant rule does not apply based on a "plain meaning" interpretation of the statutory text. Like the Ethingtons, the GE Defendants also cite a line of federal district court cases in support of their position.

## B. Controlling Law

█ As an initial matter, the GE Defendants assert, the Ethingtons do not dispute, and the Court agrees that Sixth Circuit law controls for purposes of ruling on the Motion, as doing so involves interpretation of a matter of federal law. *In re Welding Rod Prods. Liab. Litig.*, No. 1:03-CV-17000, 2004 WL 1179454, at *10 n. 8, 2004 U.S. Dist. LEXIS 10029, at *33 n. 8

(N.D.Ohio May 21, 2004) (citing, *inter alia*, *Tires Prods. Liab. Litig. v. Bridgestone/Firestone, Inc. (In re Bridgestone/Firestone, Inc.)*, 256 F.Supp.2d 884, 888 (S.D.Ind.2003) ("the law of the circuit where the transferee court sits governs questions of federal law in MDL proceedings"); *In re Diet Drugs Prods. Liab. Litig.*, 220 F.Supp.2d 414, 423 (E.D.Pa. 2002) ("as an MDL court sitting within the Third Circuit, we must apply our Court of Appeals' fraudulent joinder standard"); *In re Temporomandibular Joint Implants Prod. Liab. Litig.*, 97 F.3d 1050, 1055 (8th Cir.1996) ("when analyzing questions of federal law, the [MDL] transferee court should apply the law of the circuit in which it is located"); *Menowitz v. Brown*, 991 F.2d 36, 40 (2d Cir.1993) ("a transferee federal court should apply its interpretations of federal law, not the constructions of federal law of the transferor circuit")). The Court shall decide the Motion accordingly, despite the prevalence of Third Circuit citations throughout both sides' briefs. Having determined that issue, however, does little to help reach the ultimate outcome here, as the parties point to no Sixth Circuit precedent on point addressing the forum defendant rule. The Court's own extensive research uncovered none as well. The only precedential case law applicable here governs the Court's statutory interpretation methodology. As the Sixth Circuit has instructed, "[o]nly in those rare instances in which the literal application of a statute will produce a result demonstrably at odds with the intention of its drafters ... will we look beyond the statute's plain wording to divine the intent of its drafters." *In re Palmer*, 219 F.3d 580, 584 (6th Cir.2000) (citing *Ron Pair Enters. Inc.*, 489 U.S. 235, 242, 109 S.Ct. 1026, 103 L.Ed.2d 290 (1989)). Thus, the Court must consider the Ethingtons' Motion in the absence of any binding precedential

authority on the forum defendant rule's proper interpretation.[3]

### C. Interpretation of the Forum Defendant Rule

 Removal is strongly disfavored by Congress and thus the removal statutes are to be narrowly construed to limit federal court jurisdiction. *Long v. Bando Mfg. of Am., Inc.*, 201 F.3d 754, 757 (6th Cir.2000) ("[B]ecause they implicate federalism concerns, removal statutes are to be narrowly construed.") (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–09, 61 S.Ct. 868, 85 L.Ed. 1214 (1941)). A defendant has the burden of proving its right to a federal forum, *see Eastman v. Marine Mech. Corp.*, 438 F.3d 544, 549 (6th Cir.2006) (citing *Long*, 201 F.3d at 757; *Conrad v. Robinson*, 871 F.2d 612, 614 (6th Cir.1989)). *See also, Ahearn v. Charter Twp. of Bloomfield*, 100 F.3d 451, 453–54 (6th Cir.1996). All doubts should be resolved in favor of remand. *Eastman*, 438 F.3d at 550 (quoting *Brown v. Francis*, 75 F.3d 860, 864–65 (3d Cir.1996)).

The GE Defendants defend their removal action by arguing that the plain language method is the correct approach to interpreting § 1441(b), and that the text clearly allows a forum defendant to avoid the removal prohibition so long as the forum defendant has not been "properly joined and served" at the time of removal. There is no dispute that none of the parties had been properly served at the time of removal, the argument goes, and therefore removal was proper under the law. The GE Defendants point the Court to three recent opinions out of the federal district court in New Jersey in support of their position. (ECF No. 29, Defs.' Opp. Br. 8–10 (citing *Frick v. Novartis Pharms. Corp.*, No. Civ. 05–5429, 2006 WL 454360, [2006 U.S. Dist. LEXIS 9178] (D.N.J. Feb. 23, 2006); *Thomson v. Novartis Pharms.*, Civil No. 06–6280, 2007 WL 1521138, [2007 U.S. Dist. LEXIS 37990] (D.N.J. May 22, 2007); and *Ripley v. Eon Labs Inc.*, Civil No. 07–912, 2007 WL 2406806, [2007 U.S. Dist. LEXIS 60470] (D.N.J. Aug. 16, 2007)).)

In each of these opinions, the courts interpreted the statutory text of § 1441(b) according to its plain language, and concluded that the forum defendant rule did not preclude a New Jersey defendant's removal of a case from New Jersey state court to federal district court. According to the GE Defendants, the New Jersey federal district courts have "rejected Plaintiffs' argument—at least three time (sic) in the past two years." (ECF No. 29, Defs.' Opp. Br. 8.)

On the other hand, the Ethingtons support their Motion not only with compelling public policy arguments, but also by citing to a competing line of federal district court cases—including cases from the federal district court of New Jersey—in which a forum defendant removed a case originally filed in the defendant's home state courts, before service was perfected, and the court subsequently granted the plaintiff's motion to remand based on the forum defendant rule. The Court shall refer to this line of cases as the *DeAngelo–Shuayto* line, as the cases have adopted the reasoning and analysis first articulated in Judge Chesler's opinion in *DeAngelo–Shuayto v. Organon USA, Inc.*, No. 07–2923, 2007 WL

---

**3.** As Judge Joyner of the United States District Court for the Eastern District of Pennsylvania explained, "[t]here is a complete absence of precedential authority on the propriety of such removal which has resulted, not surprisingly, in a split among the district courts considering this issue." (See ECF No. 30–2, Pls.' Rep. Mem., Ex. A to Aff. Dec. of Mitchell M. Breit, 6, Order in *Scott v. GlaxoSmithKline PLC*, No. 07–CV–5049, Order of March 11, 2008, 1 n. 1 (E.D.Pa. Mar. 11, 2008) (J. Joyner).)

4365311, at \*3–5, 2007 U.S. Dist. LEXIS 92557, at \*15 (D.N.J. Dec. 12, 2007). Upon careful review of the parties' arguments and the relevant case law, the Court finds that the above-captioned case should be remanded to state court.

The procedural and factual circumstances in most, if not all, of the cases cited by both sides are essentially identical to the circumstances in the instant matter; removal of a state court case by a forum defendant, before service on the forum defendant and/or a non-forum defendant. The primary difference between the competing lines of case law is the end result. Indeed, even the interpretation of the forum defendant rule's plain language remains consistent among the courts, including in the *DeAngelo–Shuayto* line of cases. The federal district and magistrate judges in the *DeAngelo–Shuayto* line have generally acknowledged the primary premise of the GE Defendant's argument: that the plain language of § 1441(b)'s "properly joined and served" clause would create an exception to the general prohibition on removal by a forum defendant, provided removal was completed before service was perfected. *See, e.g., DeAngelo–Shuayto,* 2007 WL 4365311, at \*4, 2007 U.S. Dist. LEXIS 92557, at \*10–11 ("This Court acknowledges that the plain language of § 1441(b) does appear to imply that a forum defendant may remove an action as long as it does so before being served."). *See also, Brown v. Organon Int'l, Inc.* (hereafter *"Brown"*), Nos. 07–3092/3456 (Consolidated Cases for Purposes of Motions to Remand), 2008 WL 2833294, at \*4–5, 2008 U.S. Dist. LEXIS 55490, at \*12–14 (D.N.J. July 21, 2008) (J. Ackerman); *Fields v. Organon USA Inc.,* No. 07–2922, 2007 WL 4365312, at \*4, 2007 U.S. Dist. LEXIS 92555, at \*10–11 (D.N.J. Dec. 12, 2007) (J. Chesler).

Nevertheless, the court in *DeAngelo–Shuayto* refused to apply the plain language statutory interpretation approach. Instead, Judge Chesler (and those courts adopting his reasoning and analysis) reasoned that the plain language interpretation "leads to the untenable result that forum defendants can remove actions from state court as long as they do so before they are served." *DeAngelo–Shuayto,* 2007 WL 4365311, at \*3, 2007 U.S. Dist. LEXIS 92557, at \*12. "The result of blindly applying the plain 'properly joined and served' language of § 1441(b) is to eviscerate the purpose of the forum defendant rule. It creates a procedural anomaly whereby defendants can always avoid the imposition of the forum defendant rule so long as they monitor the state docket and remove the action to federal court before they are served by the plaintiff." *Id. See also, Brown,* 2008 WL 2833294, at \*4, 2008 U.S. Dist. LEXIS 55490, at \*12–13 (explaining that "[r]eading the statute literally would give rise to the absurd 'untenable'" results as articulated in *DeAngelo–Shuayto* ). "'[S]uch a bizarre result cannot possibly have been the intent of the legislature.'" *Brown,* 2008 WL 2833294, at \*4, 2008 U.S. Dist. LEXIS 55490, at \*12–13 (quoting *DeAngelo–Shuayto,* 2007 WL 4365311, at \*4, 2007 U.S. Dist. LEXIS 92557, at \*10).

Congress intended the "joined and served" part of the forum defendant rule to prevent gamesmanship by plaintiffs, who might name an in-state defendant against whom he or she does not have a valid claim in a complaint filed in state court to defeat otherwise permissible removal by the non-forum defendant(s). *See Allen v. GlaxoSmithKline PLC,* 2008 WL 2247067, at \*4, 2008 U.S. Dist. LEXIS 42491, at \*11–12 (E.D.Pa. May 30, 2008) (J. Baylson) ("[T]he intent behind the 'joined and served' requirement is to avoid gamesmanship by preventing plaintiffs

from joining forum defendants merely to preclude federal jurisdiction."); *Fields,* 2007 WL 4365312, at *3, 2007 U.S. Dist. LEXIS 92555, at *8–9 (explaining that § 1441(b)'s "joined and served" requirement attempts to eliminate procedural gamesmanship, because "[a] plaintiff could either improperly join a forum defendant, or alternatively, a plaintiff could join a forum defendant that the plaintiff had no honest intention of actually pursuing in litigation, and then not serve the forum defendant."); *Stan Winston Creatures, Inc. v. Toys "R" Us, Inc.,* 314 F.Supp.2d 177, 181 (S.D.N.Y.2003) ("The purpose of the 'joined and served' requirement is to prevent a plaintiff from blocking removal by joining as a defendant a resident party against whom it does not intend to proceed, and whom it does not even serve.").

■ The tactics employed by defendants such as in the instant case turn Congressional intent on its head by allowing *defendants* to employ gamesmanship, specifically by rushing to remove a newly filed state court case before the plaintiff can perfect service on anyone. Given that Congress intended the "properly joined and served" language to *prevent* litigant gamesmanship, "it would be especially absurd to interpret the same 'joined and served' requirement to actually condone a similar kind of gamesmanship from defendants" in instances such as the case at bar. *Allen,* 2008 WL 2247067, at *4, 2008 U.S. Dist. LEXIS 42491, at *12; *See also, Brown,* 2008 WL 2833294, at *5, 2008 U.S. Dist. LEXIS 55490, at *14 ("To apply the 'properly joined and served' language literally where an in-state defendant removes, would promote the same type of litigant gamesmanship that the rule seeks to limit, and thus violate the clear purpose of the legislative provision."). In other words, "a literal interpretation of the provision creates an opportunity for gamesmanship by

defendants, which could not have been the intent of the legislature in drafting the 'properly joined and served' language." *DeAngelo–Shuayto,* 2007 WL 4365311, at *5, 2007 U.S. Dist. LEXIS 92557, at *12–13.

In light of the foregoing analysis, the courts following *DeAngelo–Shuayto* have rejected the plain language interpretation of § 1441(b) and instead concluded that "a forum defendant cannot remove to federal court even if the forum defendant has not been 'properly joined and served.'" *DeAngelo–Shuayto,* 2007 WL 4365311, at *5, 2007 U.S. Dist. LEXIS 92557, at *15. *See also, Brown,* 2008 WL 2833294, at *5, 2008 U.S. Dist. LEXIS 55490, at *14 ("This Court must give effect to the purpose of the statute rather than its literal words of the statute. Section 1441(b) bars removal here even if [a forum state defendant] has not been 'properly joined and served.'") (citation omitted).

The Court agrees. Indeed, as Judge Chesler expressed, a literal application of § 1441(b) would allow defendants to *always* avoid the imposition of the forum defendant rule as long as they are monitoring state dockets and avoiding service. *See Brown,* 2008 WL 2833294, at *5, 2008 U.S. Dist. LEXIS 55490, at *13; *DeAngelo–Shuayto,* 2007 WL 4365311, at *3, 2007 U.S. Dist. LEXIS 92557, at *12. The approach advocated by the GE Defendants would, in addition to eviscerating the forum defendant rule, likewise eviscerate a plaintiff's well-established right to choice of forum, by essentially precluding a plaintiff from ever being able to litigate a case in the defendant's own home state courts if the defendants are sophisticated litigants.

Contemplating such a development in routine legal maneuvering by large corporate entities with unlimited resources at their disposal is hardly an exercise in imaginative hypotheticals. For instance,

Judge Joyner of the U.S. District Court for the Eastern District of Pennsylvania, in a case involving almost identical factual circumstances as in the instant case, astutely noted that the case before him "appear[ed] to be one of a growing number of actions in which a 'home state' defendant acts to quickly remove an action from the state court in which it was originally filed to U.S. District Court on the basis of diversity jurisdiction before the removing defendant can be served with original process." (ECF No. 30–2, Pls.' Rep. Mem., Ex. A to Aff. Dec. of Mitchell M. Breit, 6, Order in *Scott v. GlaxoSmithKline PLC*, No. 07–CV–5049, Order of March 11, 2008, 1, n. 1 (E.D.Pa. Mar. 11, 2008).) Similarly, the defendants in most of the other analogous cases have been, as the GE Defendants are here, large corporate entities that are no strangers to extensive litigation as an ordinary course of business.

Additionally, the Court finds that rigidly applying the plain meaning of the forum defendant rule's text would be especially inequitable in states such as New Jersey which do not even allow for perfecting service until the clerk's office has processed the complaint and issued a TAN number (or its equivalent in states other than New Jersey). This mandated delay automatically creates—through no fault of a conscientious plaintiff—a window of opportunity for a forum defendant to engage in litigation gamesmanship, the sort of gamesmanship that Congress sought to eliminate by including the "properly joined and served" language in the § 1441(b) forum defendant rule.

The Court further notes that the growing trend among district courts wrestling with this latest litigation fad is to grant a timely motion to remand. While a review of the *Frick, Thomson,* and *Ripley* cases

indeed shows that the judges in those cases abided by the plain meaning interpretation of the forum defendant rule, the GE Defendants' assertion that the New Jersey federal district courts "ha[ve] rejected Plaintiffs' argument" is disingenuous at best; it fails to acknowledge that *Frick* (issued February 23, 2006), *Thomson* (May 22, 2007), and *Ripley* (Aug. 16, 2007) were each issued well in advance of the more recent case law from the District of New Jersey—starting with Judge Chesler's opinion in *DeAngelo–Shuayto*—that in fact rejected the approach taken in those three earlier cases. *See, e.g., DeAngelo–Shuayto,* 2007 WL 4365311, at *3, 2007 U.S. Dist. LEXIS 92557, at *15 (finding that " § 1441(b) must bar removal by a forum defendant, whether it has been served or not"); *Fields,* 2007 WL 4365312, at *5, 2007 U.S. Dist. LEXIS 92555, at *12–13 (rejecting the plain language approach because it would create an "untenable result" that would "eviscerate the purpose of the forum defendant rule," and holding that "the 'properly joined and served' language of § 1441(b) does not encompass the situation in which the removing party is a forum defendant, and that in such situations removal to federal court is improper."). *See also, Brown,* 2008 WL 2833294, at *5, 2008 U.S. Dist. LEXIS 55490, at *8 (adopting magistrate judge's report and recommendation with additional analysis, explicitly embracing the reasoning provided in the R & R, *DeAngelo–Shuayto,* and *Fields,* and stating "this Court agrees with [the conclusion] that § 1441(b) must be read to preclude removal by an in-state defendant whether it has been served or not."); *Brown v. Organon USA Inc.* (hereafter *"Brown R & R"*), 2008 WL 2625355, at *8, 2008 U.S. Dist. LEXIS 50179, at *24–25 (D.N.J. June 27, 2008) (M.J.Salas) (magistrate judge's R &

R concluding that "[t]he Court agrees with *DeAngelo–Shuayto*" and finding "that § 1441(b) bars a forum defendant from removing to federal court even if they have not been 'properly joined and served.' "); *Optec Displays, Inc. v. Am. Maint., Inc.,* 2008 WL 2510633, at *2, 2008 U.S. Dist. LEXIS 47562, at *3 (D.N.J. June 18, 2008) (J. Debevoise) (remanding removed case with forum defendant, and explaining that "even if [defendant] was not properly joined and served, it is still precluded, as a forum defendant, from removing the action to federal court.") (citing *DeAngelo–Shuayto,* 2007 WL 4365311, at *3, 2007 U.S. Dist. LEXIS 92557, at *15).

Notably, these more recent New Jersey federal district court cases are not alone in adopting Judge Chesler's reasoning and analysis on the proper way to interpret § 1441(b). Other federal district courts as of late have likewise followed the reasoning articulated in *DeAngelo–Shuayto.* *See, e.g., Allen,* 2008 WL 2247067, at *4–6, 2008 U.S. Dist. LEXIS 42491, at *13–15, 17–18; *Vivas v. Boeing Co.,* 486 F.Supp.2d 726 (N.D.Ill.2007) (J. Lefkow). (See also, ECF No. 30–2, Pls.' Rep. Mem., Ex. A to Aff. Dec. of Mitchell M. Breit, 1–6 (remand order in *Evans v. GlaxoSmithKline PLC,* Civ. A. No. 07–5046, 2008 WL 446888 (E.D.Pa. Jan. 10, 2008) (J. Brody); remand order in *Hance v. GlaxoSmithKline PLC,* Civ. A. No. 07–5047, 2008 WL 446889 (E.D.Pa. Jan. 10, 2008) (J. Brody); remand order in *Malone v. GlaxoSmithKline PLC,* Civ. A. No. 07–5048 (Dec. 4, 2007) (J. Savage) (citing *Oxendine v. Merck & Co., Inc.,* 236 F.Supp.2d 517, 524–25 (D.Md.

2002)); remand order in *Scott v. GlaxoSmithKline PLC,* No. 07–CV–5049, Order of March 11, 2008, 1 n. 1 (E.D.Pa. Mar. 11, 2008) (J. Joyner)).) *But see Flores v. Merck & Co. (In re Fosamax Prods. Liab. Litig.),* 2008 WL 2940560, at *2, 2008 U.S. Dist. LEXIS 57473, at *37–38 (S.D.N.Y. July 28, 2008) (a recent federal district court opinion invoking the plain language of § 1441(b) with little analysis to deny plaintiff's motion to remand).

■ After considering Sixth Circuit precedent on statutory interpretation and carefully reviewing case law on both sides of a federal district court split, the Court finds that applying the plain language of § 1441(b) would produce a result demonstrably at odds with Congressional intent underpinning the forum defendant rule, and specifically with the "properly joined and served" language. Accordingly, the Court hereby joins the *DeAngelo–Shuayto* line of cases, and in so doing, the Court incorporates and adopts the well-reasoned, thorough analysis and holdings of Judge Chesler in *DeAngelo–Shuayto* as the basis for the instant ruling.[4]

## III. CONCLUSION

The Court hereby **GRANTS** the Ethington's Motion to Remand (**ECF No. 6**), and the Court therefore **ORDERS** that the Ethington's case, **MDL Case No. 1:08–GD–50209, New Jersey U.S. District Court Case No. 07–5985(MLC)** is **REMANDED** to the Superior Court of New Jersey, Mercer County (Law Division) pursuant to the grounds provided in 28

---

4. The Court notes a related but slightly different line of cases has held that the forum defendant rule prevents removal when *no* defendant has been served. *See Holmstrom v. Harad,* No. 05 C 2714, 2005 WL 1950672, at *2, 2005 U.S. Dist. LEXIS 16694, at *5–6 (N.D.Ill. Aug. 11, 2005), *appeal dismissed for lack of appellate jurisdiction sub nom., Holmstrom v. Peterson,* 492 F.3d 833, 840 (7th Cir.2007). The Court's decision in the instant matter, however, relies on the reasoning artic-

U.S.C. § 1447(c).[5]

IT IS SO ORDERED.

ulated in the *DeAngelo–Shuayto* line of cases rather than the analysis in *Holmstrom*.

5. "The grounds for remand specified in 28 U.S.C. § 1447(c) are lack of subject-matter jurisdiction and 'any defect other than lack of subject matter jurisdiction.'" *Ohio ex rel. Petro v. Bulgartabac Holding Group*, 167 Fed. Appx. 512, 514, 2006 WL 348112 (6th Cir. 2006). Remand for "any defect other than lack of subject matter jurisdiction" must ordinarily be upon motion filed within 30 days after the filing of the notice of removal. *Id.* at 514 n. 3; 28 U.S.C. § 1447(c). It is unclear whether violation of the forum defendant rule in the Sixth Circuit is a jurisdictional defect, or a procedural one, i.e. a "defect other than lack of subject matter jurisdiction" requiring a motion before remand may be granted. *Compare Handley–Mack Co. v. Godchaux Sugar Co.*, 2 F.2d 435, 437 (6th Cir.1924) (de-

scribing removal by a forum defendant as a "technical" violation) *with Thompson v. Karr*, 182 F.3d 918, 1999 WL 519297, at *3 (6th Cir.1999) (finding that because defendants were citizens of the forum state, "this case was not removable to federal court. Neither party has raised the issue but *since it relates to our jurisdiction* we raise it *sua sponte.*") (emphasis added). *See also, Johnston v. Panther II Transp.*, No. 1:07–cv–1264, 2007 WL 2625262, at *2, 2007 U.S. Dist. LEXIS 65915, at *5–6 (N.D.Ohio Sept. 6, 2007) (treating forum defendant rule violation as jurisdictional question and citing *Karr* ).

As the Ethingtons filed a timely motion to remand, the Court need not decide whether the forum defendant rule violation here is a procedural or jurisdictional defect; remand under either is nonreviewable in this case pursuant to 28 U.S.C. § 1447(c)-(d).